9007

STATE v. SCHIADARESSI.

(84 S. E. 536.)

APPEAL AND ERROR. CRIMINAL LAW. INTOXICATING LIQUORS.

Where a defendant charged with selling intoxicating liquors on October
28th, when brought to trial in a municipal Court on October 31st,
denied selling on the 28th, but admitted such selling on the morning
of the 29th, the day the warrant was sworn out against him, a judg-
ment of conviction will be affirmed; his exceptions to the sufficiency
of the affidavit and warrant, and charge of the recorder to the jury
in the municipal Court, being frivolous, need not be considered, as
the errors assigned could not have affected the result.

Before MEMMINGER, J., Charleston, June, 1914. Af-
firmed.

S. T. Schiadaressi, being convicted on October 31st, 1913,
in the recorder's Court in Charleston, for selling intoxicat-
ing liquors, appealed to the Court of General Sessions, which
affirmed the conviction. From the order affirming the
judgment of the recorder's Court, the defendant appealed
on the following exceptions:

First: It was error of law in not sustaining the demurrer
interposed to the warrant on the ground that it did not state
facts sufficient to constitute a criminal offense, and to quash
it for that reason. In that, the warrant failed to state what
specific part of section 828, dispensary ordinance of the city
of Charleston, had been violated, and when, where and to
whom the liquor was sold.

Second: That the amended warrant constitutes no viola-
tion within the meaning of section 828 dispensary ordi-
nance of the city of Charleston, by defendant, and a con-
viction upon same is a nullity and void.

Third: That the accused was not fully informed of the
nature and cause of the accusation, although the same was
demanded, in violation of section 18, article I of the Con-

stitution of 1895, and in violation of section 28 of the Criminal Code.

Fourth: That no sale was charged in the warrant against the defendant within the meaning of section 828, dispensary ordinance of the city of Charleston, in that the warrant failed to specify: (a) To whom spirituous liquor was sold; (b) when same was sold; (c) where same was sold; (d) that it was sold.

Fifth: That there was no evidence that spirituous liquor was sold, and no evidence against the defendant that he sold personally, or through any authorized agent to any specific individual.

Sixth: That a verdict should have been directed as requested, as there was no evidence of spirituous liquor being sold by the defendant or any agent authorized so to do in his behalf.

Seventh: That the verdict was against the law and evidence, and contrary to same. In that it was uncontradicted that the bar was locked at the time of the alleged sale; that the key of the bar was in possession of the defendant who was not present at the time, either in person or by authorized agent, and that the drinking of the Falstaff beer was in the lane owned by the Kennesaw Restaurant, which is a separate and distinct place from the property of the defendant, operated by others to whom defendant was not associated.

Eighth: That there was no testimony that Falstaff beer is spirituous liquor.

Ninth: That there was no sale alleged, and no sale of spirituous liquor proven. In that, drinking of liquor will not support a conviction, for selling spirituous liquor, when there was no money passed or consideration promised.

Tenth: That the defendant was illegally before the Court, and his conviction is null and void.

(a) In that, the warrant was served on the defendant before the affidavit on which it is supposed to have been based, was signed.

(b) The affidavit was not probated as required by law.

Eleventh: That his Honor committed error of law, it is respectfully submitted, in charging upon the facts, in violation of section 26, article V of the State Constitution of 1895, and inferred his opinion to the jury, and otherwise committed error of law when he charged as follows:

(a) "The facts are taken from the Judge."

(b) "The Court cannot take judicial cognizance of the fact that the warrant was not signed until after it was served. I denied the motion of defendant's counsel to direct a verdict because the warrant was signed and sworn to subsequent to the issuance of the same."

(c) "I have nothing to do with their business. I have to punish them when they come here. I cannot help being pleased when the responsibility is placed upon them. I trust that if the law is disagreeable, it will be enforced anyhow."

(d) "You have the right to find the defendant guilty because you are convinced that the laws have been violated. You must do it then; that's your duty."

(e) "I cannot, either, admit to you that we, the people of Charleston, are law-abiding. I cannot say that. I don't think there is any particular class or particular people to blame, but as long as I have lived here and as much as I think of and love the people of Charleston, I think they are the most lawless set that ever was. It matters not who they are, or what they are, they seem to do pretty much exactly as they want to. The hunter shoots deer without the least regard for the law. Another man will pay another to vote for him, and another, if he has the necessary nerve and ferocity, will keep another from the polls if he doesn't vote as he wants. There is nothing they will not do."

(f) "I have charged you that we are not law-abiding."

The affidavit and warrant questioned, and the demurrer thereto, were as follows:

Affidavit.   State of South Carolina, County of Charleston.

Personally appeared, Dennis Quinn, who, being duly sworn, says that he is a police officer of the city, county and State aforesaid, and that he is informed and believes on the 28th day of October, 1913, one S. T. Schiadaressi is guilty of violating section 828, dispensary ordinances, 828 city ordinances, selling liquor, containing alcohol in violation of section —— and against the peace and dignity of the said State.   D. Quinn

Sworn to before me this 29th day of October, A. D. 1913. Theo. D. Jervey, Recorder.

Warrant.   State of South Carolina.   To any police officer : Whereas complaint has been made to me under oath that S. T. Schiadaressi is guilty of violating section 828, dispensary ordinances, 828 city ordinances, selling alcohol.

These are to command you to apprehend the said S. T. Schiadaressi and bring him up to be dealt with according to law.

Given under my hand and seal this 29th day of October, 1913.   (Signed)   Theo. D. Jervey, Recorder.

Demurrer.   Defendant's counsel demurred to the warrant on the ground that it did not state facts sufficient to constitute a criminal offense, and asked that it be quashed, because it did not allege to whom the liquor, when and where it was sold, and moreover, the warrant as amended constitutes no violation of the dispensary ordinance.

*Mr. E. J. Blank,* for appellant, submits : *Warrant was illegally issued before affidavit was signed:* 9 S. C. 314 to 317; const., art. I, sec. 22.   *Warrant did not give information as to nature and cause of accusation:* const., art. I, sec. 18; 9 S. C. 309 to 317; 34 S. C. 286; 54 S. C. 321; 59 S. C. 274; 54 S. C. 196, 287; 3 Rich. 172; 8 Rich. 312; 97 S.

C. 452.  *Testimony does not support conviction:* 9 S. C. 309 to 317; 9 S. W. 886; 17 Cyc. 189, 297.

*Mr. W. Turner Logan,* corporation counsel for city of Charleston, for respondent.

March 1, 1907.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This is a cause of novel impression. The defendant was tried before the recorder's Court of the city of Charleston for violation of section 828 of the city ordinances.

In plain parlance, the defendant was tried for selling alcohol. The affidavit, the warrant thereon and the demurrer to the warrant will be reported.

The recorder overruled the demurrer, the cause went to trial and a jury wrote "guilty," and judgment went against the defendant.

The defendant appealed to the Circuit Court, and the judgment there was affirmed.

The defendant appeals here again, and judgment must go against him here.

There are eleven exceptions, and two of them are subdivided. They will be reported. It would be frivolous to consider the exceptions in the face of the defendant's own admission on the witness stand. The sale was charged to have been made on Sunday, 28 October, 1913. The warrant was issued next day.

The defendant testified: "There was no drinking in my *bar* Sunday at all. I only sold it myself the next morning when I was there."

The language of the seventh exception is a naive admission of lawlessness.

There is no room to parley; the defendant is guilty by his own mouth.

The judgment is affirmed.